AO 106A (08/18) Application for a Warrant by Telephone or Other Reliable Electronic Means

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | | |
|---|---|---|
| In the Matter of the Search of | ) | |
| *(Briefly describe the property to be searched or identify the person by name and address)* | ) ) | Case No. 25-SW-353 |
| THE UNITED STATES OF AMERICA FOR A | ) | |
| SEARCH WARRANT OF ONE PERSON | ) | |
| UNDER RULE 41 | ) | |

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

See Attachment A (incorporated by reference)

Located within the jurisdiction of the District of Columbia, there is now concealed *(identify the person or describe the property to be seized)*:

See Attachment B (incorporated by reference)

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

☑ contraband, fruits of crime, or other items illegally possessed;

☐ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) (Unlawful Possession of a Firearm and Ammunition by a Person Convicted of a Crime Punishable by Imprisonment for a Term Exceeding One Year). | |

The application is based on these facts:

See Affidavit in Support of Application for Search Warrant.

❐ Continued on the attached sheet.

❐ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
*Applicant's signature*

Darius J. Terry, Special Agent
*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
Telephone _____ *(specify reliable electronic means).*

Date: 11/13/2025 _____

_____
*Judge's signature*

City and state: Washington, D.C. _____

Matthew J. Sharbaugh
(United States Magistrate Judge)

AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means

✓ Original      ☐ Duplicate Original

# UNITED STATES DISTRICT COURT

for the

District of Columbia

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched*<br>*or identify the person by name and address)*<br>THE UNITED STATES OF AMERICA FOR A<br>SEARCH WARRANT OF ONE PERSON<br>UNDER RULE 41 | )<br>)<br>)<br>)<br>)<br>)<br>)    Case No.  25-SW-353 |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:     Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located within the jurisdiction of the District of Columbia.
*(identify the person or describe the property to be searched and give its location)*:

See Attachment  A (incorporated by reference).

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

See Attachment  B (incorporated by reference).

**YOU ARE COMMANDED** to execute this warrant on or before _____November 26, 2025_____ *(not to exceed 14 days)*
☐ in the daytime 6:00 a.m. to 10:00 p.m.    ✓ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Matthew J. Sharbaugh_____.
                                                         *(United States Magistrate Judge)*

☐ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
     ❏ for _____ days *(not to exceed 30)*    ❏ until, the facts justifying, the later specific date of _____.

Date and time issued: _____11/13/2025_____      _____
                                                                    *Judge's signature*

City and state:      _____Washington, D.C._____      _____Matthew J. Sharbaugh_____
                                                                United States Magistrate Judge

AO 93C  (08/18) Warrant by Telephone or Other Reliable Electronic Means (Page 2)

| **Return** | | |
|---|---|---|
| Case No.:<br><br>25-SW-353 | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

**Certification**

      I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

**ATTACHMENT A**

*Person to be Searched*

The person to be searched is **William HALL Jr**, DOB 11/19/1984, FBI# 682705XB0.



**ATTACHMENT B**

*Property to be seized from* William HALL, Jr.

All items constituting evidence, fruits, and/or instrumentalities of violations of 18 U.S.C.

§ 922(g)(1) (unlawful possession of a firearm and ammunition by a person convicted of a crime

punishable by imprisonment for a term exceeding one year), ("TARGET OFFENSE") that was

committed by William HALL, Jr., as described in the search warrant affidavit, namely,

the following:

    a.  A sample of the deoxyribonucleic acid ("DNA") of the person identified in Attachment A
to be collected via buccal or oral swab in accordance with established procedures, and to
be analyzed forensically in accordance with the applicable, valid established procedures.

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A SEARCH WARRANT OF ONE PERSON UNDER RULE 41 | Case No. 25-SW-353 |

## AFFIDAVIT IN SUPPORT OF APPLICATION UNDER RULE 41 FOR WARRANT TO SEARCH AND SEIZE

I, Darius Terry, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.    I make this affidavit in support of an application under Rule 41 of the Federal Rules of Criminal Procedure for a search warrant authorizing a search of a sample of the deoxyribonucleic acid ("DNA") from William HALL, Jr. ("HALL Jr.") to be collected via buccal or oral swab in accordance with established procedures, and to be analyzed forensically in accordance with the applicable, valid established procedures.

2.    I, Darius J. Terry, have been a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) since July 2023. I am "an investigative or law enforcement officer" of the United States within the meaning of Title 18, United States Code, Section 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in Section 2516 of Title 18, United States Code. Specifically, I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") and have been so employed since July of 2023. I am presently assigned to the Washington D.C. Field Office. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center and Special Agent Basic Training at

the ATF National Academy. My training at the academy included formalized instruction in, among other things, drugs, firearms, violent crime-related investigations, drug identification and detection, interdiction, familiarization with United States drug and firearms laws, financial investigations and money laundering, identification and seizure of drug and firearms tracking related assets, physical and electronic surveillance, weapon qualification and tactics, operation and use of confidential informants, and undercover operations.

3.      As an ATF Special Agent, I have participated in federal investigations involving the distribution of controlled substances, theft, and robbery. I have participated in physical surveillance operations and in the execution of federal search warrants, including those involving multi-state criminal activity.

4.      Before joining the ATF, I was a law enforcement officer for the Virginia State Police (VSP) from June 2011 to July 2023.  From April 2017 to July 2023, I worked narcotics investigations.  Your affiant has participated in numerous narcotic arrests and has drafted affidavits in support of search warrants that have led to the arrest of numerous defendants and the recovery of crucial evidence.  Your affiant has also received on-the-job training in the areas of drugs and narcotics enforcement.

5.      I am an "investigative or law enforcement officer" of the United States within the meaning of 18 U.S.C. § 2510(7).  I am empowered by law to conduct investigations, to execute search warrants, and to make arrests for violations of Federal law.  As an ATF Special Agent, I am authorized to execute warrants issued under the authority of the United States.

6.      The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents, officers, witnesses, and agencies.  This

affidavit is intended to show merely that there is sufficient probable cause for the requested warrant. It does not set forth all my knowledge, or the knowledge of others, about this matter.

7.    Through my training and employment, I am also familiar with the fact that each person has a unique DNA composition. DNA isolated from blood, hair, skin cells, or other genetic evidence left at the scene of a crime or left on evidence of a crime can be compared with the DNA of an individual to identify an individual as a potential suspect or exclude an individual as a potential suspect.

8.    Because this affidavit is being submitted for the limited purpose of a search warrant for a buccal swab of HALL Jr., I have not set forth every fact learned during this investigation. I make this affidavit based, in part, on my personal knowledge and observations derived from my participation in this investigation, information provided by other law enforcement officers, reports and data provided by other officers, which I have read and reviewed, and, in part, upon information and belief.

9.    On the basis of this familiarity, and on the basis of other information your affiant has reviewed and determine to be reliable, I allege the facts to show there is probable cause to believe that evidence the "TARGET OFFENSE (s)", will be found located in the cheek/saliva (buccal swab) of HALL Jr.

## PROBABLE CAUSE

10.    As outlined below, there is probable cause to believe that HALL Jr. possessed a firearm in violation of 18 U.S.C. § 922(g)(1).

11.    On October 15, 2025, at approximately 9:52 PM, members of the Executive Order 14252 Task Force were working in the District of Columbia. Task Force members were in plain clothes with external vests bearing "POLICE" and "US MARSHAL" law enforcement identifiers.

Law enforcement officers, including United States Park Police (USPP) Officers Callahan and Brennan were operating unmarked police cruisers equipped with emergency lights and sirens. Both Officers Callahan and Brennan were wearing vests that were marked with "U.S. Park Police".

12.    Officers were traveling eastbound along the 11th Street Bridge when they approached a solid red signal at the ramp to I-295. Officers observed a silver Chevrolet SUV approach at a rapid rate of speed and quickly come up behind them, before it suddenly veered across the solid double yellow lane dividers and into a marked safety area toward oncoming traffic. As the traffic signal turned green, the driver (later identified as William HALL Jr.) made a right turn across three lanes of traffic, nearly striking other motorists before accelerating down the ramp.

13.    Officer Brennan activated the police vehicle's overhead emergency equipment and attempted to conduct a traffic stop. The Chevrolet SUV slowed down and came to a stop on the ramp. Officers Brennan and Callahan exited their vehicles and approached the Chevrolet SUV. As the officers were walking towards the defendant's vehicle, the vehicle then rapidly accelerated and took flight away from officers.

14.    Officers initiated a vehicle pursuit that reached speeds of 100 miles per hour in a posted 55 mile per hour zone. HALL, Jr. weaved in and out of traffic and drove in the shoulder. The pursuit concluded when HALL, Jr lost control of the vehicle on the ramp from I-295 to South Capitol Street, resulting in a single vehicle motor vehicle collision which pinned the passenger side of the vehicle shut. HALL, Jr, the driver and lone occupant of the vehicle, was extracted through the driver's side window.

 

*Figures 1 and 2 – depicting damage to Chevrolet SUV*

15.     The Chevrolet SUV was impounded, and an inventory search was conducted on scene. Investigator Keness observed two handguns in an open area near the center console of the vehicle. The open area had no lid and the firearms were clearly visible to officers.. The first firearm was a Taurus G2S 9mm handgun loaded with one round in the chamber and seven rounds of 9mm ammunition in the magazine. The second firearm was a Taurus G3C 9mm handgun loaded with one round in the chamber and nine rounds of 9mm ammunition in the chamber. Officers also recovered one loose round of 9mm ammunition from the center console.




*Figures 3 and 4 – firearms recovered from the center console of the Chevrolet SUV*

16.    HALL, Jr. has a prior felony conviction in the District of Columbia for Carrying a Pistol Without a License, Case No. 2016 CF2 001409, an offense punishable by more than one year of imprisonment. Accordingly, HALL, Jr. would have been aware that he was previously convicted of a crime punishable by a term of imprisonment exceeding one year at the time he was possessing the firearm and ammunition. Your affiant is aware there are no firearm or ammunition manufacturers in the District of Columbia. Therefore, the firearm and ammunition described above necessarily traveled in interstate commerce before they were recovered in the District of Columbia.

17.    While securing HALL Jr's property in the vehicle, HALL, Jr asked officers to place his property "in the same spot where [officers] found the two pistols" before clarifying with "where I hid the other stuff" and then stating, "where she hid the other stuff." HALL, Jr. then stated, "it's hers," and gave officers the name C.F. It was later determined that the Taurus

G3C 9mm handgun was registered to C.F.  Officers also recovered a single white rock from HALL Jr's sock. The white rock weighed 1.3 grams and field-tested positive for cocaine.

18.     As a convicted felon, HALL, Jr. is not legally allowed to possess a firearm or purchase a firearm from a federal firearms licensee. Therefore, any person who provided him the firearm likely did so in an unauthorized fashion and without any belief that HALL, Jr. would register the firearm and comply with the firearms laws in Washington, D.C. As such, there is probable cause to believe that the use, carrying, or possession of the firearm by HALL, Jr. would constitute a felony, in violation of 18 U.S.C. §§ 922(g) (1).  Similarly, HALL, Jr., as a convicted felon, knew, or had reasonable cause to believe, that it would constitute a felony to receive or possess a firearm, also in violation of 18 U.S.C. §§ 922(g)(1).

19.     There is probable cause to search HALL, Jr. for a saliva sample containing his DNA because there is a fair probability that his DNA is evidence of a crime.

20.     Based on the foregoing facts, your affiant believes there is probable cause to believe that the firearm was possessed by HALL, Jr. The affiant therefore believes there is probable cause to obtain a buccal swab from HALL Jr., to compare any DNA collected from the firearm recovered on October 15, 2025, to HALL Jr's DNA.

## **CONCLUSION**

23.    Based upon the above-referenced facts, your affiant submits that there is probable cause to believe that evidence of the TARGET OFFENSE(s) will be located in the cheek/saliva (buccal swab) of William HALL Jr.


Respectfully submitted,

_____
Darius J. Terry
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives


Affidavit submitted by email and attested to me as true and accurate by telephone, consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) by telephone on November 13, 2025.


_____
HONORABLE MATTHEW J. SHARBAUGH
UNITED STATES MAGISTRATE JUDGE